## CONASAUGA RIVER LUMBER COMPANY *v.* COPPERHILL TIMBER AND MINERAL COMPANY.

No. 8327. MAY 18, 1931.

*C. N. King, Allison S. Prince,* and *Morris & Wallace,* for plaintiff in error.

*William Butt,* contra.

GILBERT, J. There was a dispute between the two corporations named in the caption, concerning the ownership of lot of land 60, 27th district, 2d section, Fannin County. They agreed in writing, that, for the purpose of determining the matter, Copperhill Company should institute in Fannin superior court, returnable to the April term, 1930, a proceeding to restrain by injunction the Conasauga Company from cutting and removing timber; that the latter company should file "answer and defense, ... and said suit shall be determined and the issue of title . . determined at said April term, 1930." The suit just referred to resulted in favor of the Copperhill Company; whereupon Conasauga Company filed a motion for new trial. The Copperhill Company then filed against the Conasauga Company an equitable petition alleging that in the negotiations between representatives of the two companies, at which the provisions to be incorporated in the writing were discussed and agreed upon, the parties agreed "that the verdict of the said jury should be final, and neither party should have the right to make a motion for new trial or appeal from the verdict of said jury;" that the provision last quoted was, through mutual mistake of all parties, omitted from the writing, due to the hurried manner in which it was prepared; that Copperhill Company had not known of such omission until the filing by Conasauga Company of the motion for new trial in the suit involving the title. The purpose of the present proceeding was to reform the writing by insertion of the portion of the oral agreement alleged to have been omitted from the writing. The petition alleged that upon reformation of the writing Copperhill Company would present a motion to dismiss the motion of Conasauga Company for a new

trial in the suit involving the title, because of estoppel to prosecute the same. The answer denied the material averments of the petition.

The jury trying the question found in favor of the reformation, and the bill of exceptions recites that upon the verdict a judgment and decree of the court was duly entered. Conasauga Company filed its motion for new trial, upon the grounds that "the verdict is contrary to evidence, . . without evidence to support it, . . decidedly and strongly against the weight of the evidence, . . contrary to law and the principles of justice and equity." The only exception is to the overruling of the motion for new trial.

The evidence is sufficient to support the verdict.

*Judgment affirmed. All the Justices concur.*